UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL MAIOLO                          CIVIL ACTION

                Plaintiff,              CASE NO. 2:22-cv-01770-WSH

    vs.

BRP US, INC.,

                Defendant.

**<u>MEMORANDUM OF LAW IN SUPPORT OF
BOMBARDIER RECREATIONAL PRODUCTS, INC.'S MOTION TO
DISMISS AND ALTERNATIVE MOTION TO STRIKE CLASS ALLEGATIONS</u>**

**TABLE OF CONTENTS**

I.       INTRODUCTION ................................................................................................. 1

II.     BACKGROUND ................................................................................................... 2

III.    LEGAL STANDARDS ........................................................................................ 3

    A.   Rule 12(b)(1) .............................................................................................. 3

    B.   Rule 12(b)(6) .............................................................................................. 3

    C.   Motion to Strike Class Allegations ........................................................... 4

IV.   ARGUMENT ....................................................................................................... 5

    A.   Plaintiff Lacks Article III Standing Because He Failed to Allege a Concrete Injury................................................................................................................ 5

    B.   Plaintiff Has Not Stated a Viable Cause of Action. ................................... 7

        i. Plaintiff Has Not Stated a Claim Under Pennsylvania's Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL")......................................... 7

        ii.  Plaintiff Has Not Stated a Claim for Breach of Contract .......................... 8

        iii.  Plaintiff Has Not Stated a Claim for Breach of Warranty ..................... 10

        iv.  Plaintiff Has Not Stated a Claim for Negligent Misrepresentation ........................ 12

        v.  Plaintiff Has Not Stated a Claim for Fraud ............................................ 14

        vi.  Plaintiff Has Not Stated a Claim for Unjust Enrichment ....................... 15

    C.   Plaintiff Has Failed to Make a *Prima Facie* Showing that Rule 23's Predominance Requirement Can Be Satisfied ……………………………… ................ 16

        i.   Individualized Legal Questions Related to the Proposed Multistate Class Predominate ......................................................................................................... 17

        ii.  Individualized Factual Questions Related to Liability and Damages Predominate . 19

V.     CONCLUSION................................................................................................... 21

# TABLE OF AUTHORITIES

**Cases**

*Adkins v. Cagle Foods JV, LLC,*
    411 F.3d 1320 (11th Cir. 2005) ........................................................................... 20

*Am. Fed'n of State Cnty. & Mun. Emps. ("AFSCME") v. Ortho–McNeil–Janssen Pharm., Inc.,*
    No. 08-cv-5904, 2010 WL 891150 (E.D. Pa. Mar. 11, 2010) .................................. 11

*Argue v. Triton Digital Inc.,*
    734 F. App'x 148 (3d Cir. 2018) ........................................................................... 15

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ............................................................................................... 4

*Axalta Coating Systems, LLC v. Midwest II, Inc.,*
    217 F. Supp. 3d 813 (E.D. Pa. 2016) ..................................................................... 11

*Balistreri v. Pacifica Police Dept.,*
    901 F.2d 696 (9th Cir. 1988) .................................................................................. 4

*Barnes v. Am. Tobacco Co.,*
    161 F.3d 127 (3d Cir. 1998) ................................................................................... 20

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007) ............................................................................................... 4

*Benedict v. Altria Grp., Inc.,*
    241 F.R.D. 668 (D. Kan. 2007) .............................................................................. 17

*Benner v. Bank of Am., N.A.,*
    917 F. Supp. 2d 338 (E.D. Pa. 2013) ...................................................................... 8

*Bohler-Uddeholm Am., Inc. v. Ellwood Grp., Inc.,*
    247 F.3d 79 (3d Cir. 2001) ..................................................................................... 13

*Brown v. Electrolux Home Prods., Inc.,*
    817 F.3d 1225 (11th Cir. 2016) .............................................................................. 19

*Bruno v. Erie Ins. Co.,*
    106 A.3d 48 (Pa. 2014) ..................................................................................... 12, 13

*Burtch v. Milberg Factors, Inc.,*
    662 F.3d 212 (3d Cir. 2011) .................................................................................... 4

*Chin v. Chrysler Corp.*,
    182 F.R.D. 448 (D.N.J. 1998) ........................................................................... 20

*Clapps v. State Farm Ins. Cos.*,
    447 F. Supp. 3d 293 (E.D. Pa. 2020) ................................................................. 9

*Clark v. Prudential Ins. Co. of Am.*,
    940 F. Supp. 2d 186 (D.N.J. 2013) ................................................................... 19

*Comcast Corp. v. Behrend*,
    569 U.S. 27 (2013) ........................................................................................... 20

*Connelly v. Lane Const. Corp.*,
    809 F.3d 780 (3d Cir. 2016) ............................................................................... 4

*Corder v. Ford Motor Co.*,
    869 F. Supp. 2d 835 (W.D. Ky. 2012) .............................................................. 17

*CoreStates Bank, N.A. v. Cutillo*,
    723 A.2d 1053 (Pa. Super. 1999) ....................................................................... 9

*DaimlerChrysler Corp. v. Cuno*,
    547 U.S. 332 (2006) ........................................................................................... 3

*Darisse v. Nest Labs, Inc.*,
    No. 5:14-CV-01363-BLF, 2016 WL 4385849 (N.D. Cal. Aug. 15, 2016) ........... 18

*Earl v. NVR, Inc.*,
    990 F.3d 310 (3d Cir. 2021) ............................................................................. 13

*EBC, Inc. v. Clark Bldg. Sys., Inc.*,
    618 F.3d 253 (3d Cir. 2010) ............................................................................. 16

*Elson v. Black*,
    56 F.4th 1002 (5th Cir. 2023) ........................................................................... 18

*Estate of Quigley v. East Bay Management, Inc.*,
    No. 2:13-cv-5547, 2014 WL 2765135 (E.D. Pa. June 18, 2014) ........................ 14

*eToll, Inc. v. Elias/Savion Advert, Inc.*,
    811 A.2d 10 (Pa. Super. 2002) ......................................................................... 13

*Fowler v. UPMC Shadyside*,
    578 F.3d 203 (3d Cir. 2009) ............................................................................... 4

*Frederico v. Home Depot*,

507 F.3d 188 (3d Cir. 2007) ............................................................................ 14

*Freeman v. Pittsburgh Glass Works, LLC,*
  709 F.3d 240 (3d Cir. 2013) ........................................................................ 14

*Funk v. Stryker Corp.,*
  631 F.3d 777 (5th Cir. 2011) ......................................................................... 4

*Gibbs v. Ernst,*
  647 A.2d 882 (1994) ..................................................................................... 12

*Grandalski v. Quest Diagnostics Inc.,*
  767 F.3d 175 (3d Cir. 2014) ........................................................................ 18

*Grp. Health Plan, Inc. v. Philip Morris, Inc.,*
  621 N.W.2d 2 (Minn. 2001) ......................................................................... 17

*Hanover Ins. Co. v. Ryan,*
  619 F. Supp. 2d 127 (E.D. Pa. 2007) .......................................................... 12

*Hart v. Univ. of Scranton,*
  838 F. Supp. 2d 324 (M.D. Pa. 2011) ........................................................... 9

*Hunt v. U.S. Tobacco Co.,*
  538 F.3d 217 (3d Cir. 2008) .......................................................................... 7

*In re Burlington Coat Factory Sec. Litig.,*
  114 F.3d 1410 (3d Cir. 1997) ...................................................................... 10

*In re Railway Industry Employee No-Poach Antitrust Litigation,*
  395 F.Supp.3d 464 (W.D. Pa. 2019) ....................................................... 4, 18

*iRecycleNow.com v. Starr Indem. & Liab. Co.,*
  674 F. App'x 161 (3d Cir. 2017) ................................................................. 15

*Jarzyna v. Home Properties, L.P.,*
  185 F. Supp. 3d 612 (E.D. Pa. 2016), *aff'd*, 783 F. App'x 223 (3d Cir. 2019) ........................ 8

*Jenson v. Touche Ross & Co.,*
  335 N.W.2d 720 (Minn. 1983) .................................................................... 18

*Kaymark v. Bank of Am., N.A.,*
  11 F. Supp. 3d 496 (W.D. Pa. 2014) ............................................................. 8

*Kaymark v. Bank of Am., N.A.,*
  783 F.3d 168 (3d Cir. 2015) .......................................................................... 8

*Kenai Chrysler Ctr., Inc., Denison*,
  167 P.3d 1240 (Alaska 2007)................................................................. 17

*Khawaja v. RE/MAX Cent.*,
  151 A.3d 626 (Pa. Super. 2016)............................................................. 15

*Koronthaly v. L'Oreal USA, Inc.*,
  374 F. App'x 257 (3d Cir. 2010) ............................................................. 6

*Lewis v. Casey*,
  518 U.S. 343 (1996).................................................................................. 7

*Lloyd v. Gen. Motors Corp.*,
  266 F.R.D. 98 (D. Md. 2010).................................................................. 19

*Lujan v. Defenders of Wildlife*,
  504 U.S. 555 (1992).................................................................................. 3

*Lum v. Bank of America*,
  361 F.3d 217 (3d Cir. 2004).................................................................. 14

*Mark Hershey Farms, Inc. v. Robinson*,
  171 A.3d 810 (Pa. Super. 2017)............................................................. 15

*Mele Constr. Co. v. Crown Am. Corp.*,
  421 Pa. Super. 569 (Pa. Super. 1992) ................................................... 20

*Obduskey v. McCarthy & Holthus LLP*,
  139 S. Ct. 1029 (2019)............................................................................. 8

*Pack v. Thor Motor Coach*,
  No. 19-cv-503, 2019 WL 1755717 (E.D. Pa. Apr. 19, 2019)................. 10

*Pierce v. Montgomery Cnty. Opportunity Bd., Inc.*,
  884 F. Supp. 965 (E.D. Pa. 1995) ........................................................... 9

*PNC Bank v. Wilson*,
  No. CV 14-80-BU- DWM-JCL, 2015 WL 3887602 (D. Mont. June 23, 2015)...................... 17

*Rawson v. Conover*,
  20 P.3d 876 (Utah 2001) ........................................................................ 18

*Santana Prods, Inc. v. Bobrick Washroom Equip., Inc.*,
  401 F.3d 123 (3d Cir. 2005)..................................................................... 7

*Scanlan v. Sunbeam Prod., Inc.*,
   690 F. App'x 319 (6th Cir. 2017) ........................................................................ 18

*SodexoMAGIC, LLC v. Drexel Univ.*,
   24 F.4th 183 (3d Cir. 2022) ............................................................................... 12

*Solarchick ex rel. Solarchick v. Metro. Life Ins. Co.*,
   430 F. Supp. 2d 511 (W.D. Pa. 2006) ................................................................. 8

*Sovereign Bank v. BJ's Wholesale Club. Inc.*,
   533 F.3d 162 (3d Cir. 2008) ............................................................................... 13

*Spokeo, Inc. v. Robins*,
   578 U. S. 330 (2016) ........................................................................................... 5

*State ex rel. Kidwell v. Master Distribs., Inc.*,
   615 P.2d 116 (Idaho 1980) ................................................................................. 17

*Third National & Trust Company of Scranton v. Lehigh Valley Coal Co.*,
   44 A.2d 571 (Pa. 1945) ....................................................................................... 15

*Tiismann v. Linda Martin Homes Corp.*,
   637 S.E.2d 14 (Ga. 2006) .................................................................................... 17

*Transp. Int'l Pool, Inc. v. Ross Stores, Inc.*,
   No. 1:06-cv-1812, 2009 WL 1033601 (E.D. Pa. Apr. 15, 2009) ......................... 9

*TransUnion LLC v. Ramirez*,
   141 S. Ct. 2190 (2021) .................................................................................... 5, 6

*Vanalt Elec. Constr. Inc. v. Selco Mfg. Corp.*,
   233 F. App'x 105 (3d Cir. 2007) ........................................................................ 11

*Vega v. T-Mobile USA, Inc.*,
   564 F.3d 1256 (11th Cir. 2009) .......................................................................... 20

*Wal-Mart Stores, Inc. v. Dukes*,
   564 U.S. 338  (2011) ........................................................................................... 19

*Ware v. Rodale Press, Inc.*,
   322 F.3d 218 (3d Cir. 2003) ................................................................................. 8

*Weinberg v. Sun Co.*,
   777 A.2d 442 (Pa. 2001) .................................................................................. 7, 8

*White v. Wyeth*,

705 S.E.2d 828 (W. Va. 2010) ................................................................. 17

*Wiegand v. Walser Auto. Groups, Inc.,*
   683 N.W.2d 807 (Minn. 2004) .......................................................... 18

*Wilson Area Sch. Dist. v. Skepton,*
   895 A.2d 1250 (Pa. 2006) ................................................................. 15

*Yocca v. Pittsburgh Steelers Sports, Inc.,*
   854 A.2d 425 (Pa. 2004) .................................................................... 7

**Statutes**

13 Pa. Stat. Cons. § 2607(c)(1) ................................................................. 11

73 Pa. Stat. Cons. § 201-9.2(a) ............................................................ 7, 8

Alaska Stat. § 45.50.471 ........................................................................... 17

Alaska Stat. § 45.50.531(f) ....................................................................... 18

Ga. Code § 10-1- 372(a)(9)-10) ............................................................... 18

Idaho Code § 48- 603 ............................................................................... 17

Iowa Code § 714.16 ................................................................................. 18

Kan. Stat. §§ 50- 626(b)(1), (4), (7), (8), (9), (10) ................................. 18

Kan. Stat. 60-512 ..................................................................................... 18

Minn. Stat. § 325F.69 .............................................................................. 18

Minn. Stat. § 8.31(3a) .............................................................................. 17

Miss. Code § 75- 24-15 ............................................................................ 17

Miss. Code § 75-24- 15(2) ....................................................................... 18

Miss. Code § 75-24-5(2)(i)-(j) ................................................................ 18

Mont. Code § 30-14-103 .......................................................................... 17

N.D. Cent. Code § 51-15 ......................................................................... 17

N.D. Cent. Code § 51-15-02 .................................................................... 18

Utah Code § 13-11-1, *et seq* ........................................................................................ 17

Utah Code § 13-11-4(2)(b) ........................................................................................... 18

W. Va. Code § 46A-6- 102(7)(I)-(J) ............................................................................. 18

**Rules**

FED. R. CIV. P. 8(a) ....................................................................................................... 9

FED. R. CIV. P. 23(d)(1)(D) .......................................................................................... 4

FED. R. CIV. P. 23(c)(1)(A) .......................................................................................... 5

FED. R. CIV. P. 9(b) ..................................................................................................... 14

## I.      INTRODUCTION

This putative class action arises out of Plaintiff Michael Maiolo's purchase of a three-wheel vehicle—the Can-AM Ryker—distributed by Defendant BRP U.S., Inc. ("BRP"). Plaintiff, who has suffered no tangible injury, asserts seven (7) causes of action against BRP due to the Ryker's alleged lack of an anti-theft system, including fraud, breach of contract, negligence, and warranty claims. According to Plaintiff, BRP "promised" that this anti-theft system would be included with the Ryker and the absence of this feature has rendered all 2022 Ryker vehicles "susceptible to theft." Notably, however, Plaintiff does not allege that his Ryker vehicle has been stolen.

Plaintiff's complaint should be dismissed in its entirety for two overarching reasons. *First*, Plaintiff lacks Article III standing to assert his claims because he has not suffered a concrete injury in fact that is real and not abstract. Plaintiff therefore cannot establish standing because: (i) all of his claims flow from an alleged risk of future vehicle theft which is merely speculative and has not actually occurred; and (ii) Plaintiff has not alleged an economic injury that is quantifiable. *Second*, Plaintiff's claims are not adequately pleaded as a matter of fact and, even if they were, they fail as a matter of law.

Finally, to extent the Court does not dismiss Plaintiff's Complaint in its entirety, the Court should strike the class allegations included in the Complaint, which are facially deficient and demonstrate that no class could ever be certified. Specifically, Plaintiff purports to represent two putative classes of consumers from the states of Pennsylvania, Kansas, Minnesota, Mississippi, North Dakota, West Virginia, Utah, Montana, Idaho, Georgia, Kentucky, Iowa, and Alaska. Plaintiff's proposed Pennsylvania class would encompass multiple causes of action, including claims for fraud and violation of Pennsylvania's Unfair Trade Practices and Consumer Protection

Law. Plaintiff's multistate class alleges violations of the consumer protection laws of twelve (12) other states. Such claims require individualized proof and are, as a threshold matter, inappropriate for class treatment. Likewise, the variance among state laws will necessitate individualized inquiry. Further, all of Plaintiff's alleged class claims implicate divergent consumer expectations, which will prevent a uniform assessment of damages. As a result, Plaintiff has not alleged sufficient facts in the Complaint to demonstrate that common issues will predominate, and his class allegations should be stricken.

## II.   BACKGROUND

In July of 2022, Plaintiff purchased a Can-Am Ryker three-wheel vehicle allegedly distributed by BRP from an authorized dealer. Compl. ¶ 23. Plaintiff alleges that the Ryker vehicle is marketed as coming equipped with an "anti-theft system known as DESS, or digitally encoded security system, a battery-less key containing an electronic circuit." *Id.* ¶ 2. According to the Complaint, "DESS contains a pre-programmed chip that uses radio frequency to tell the vehicle's immobilizer to start the engine." *Id.* ¶ 3. Plaintiff alleges that the owner's manual indicates that purchasers of a Ryker vehicle will receive two DESS keys. *Id.* ¶ 3. Plaintiff alleges that "numerous" purchasers of 2022 Ryker vehicles did not receive DESS keys with their vehicles. *Id.* ¶ 5. Plaintiff asserts that he paid more than $14,000 for the Ryker vehicle, "which was more than he would have paid had he known it would not be delivered with the promised security system, or would not have purchased it." *Id.* ¶ 28. Further, Plaintiff alleges that he was not offered a discount at the time of purchase insofar as his vehicle did not include a DESS key, which, Plaintiff acknowledges, was the result of a "global chip shortage." *Id.* ¶¶ 7, 9.

Plaintiff's complaint alleges (i) violations of Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL"); (ii) violations of "state consumer fraud acts" in the states

of Kansas, Minnesota, Mississippi, North Dakota, West Virginia, Utah, Montana, Idaho, Georgia, Kentucky, Iowa, and Alaska; (iii) breach of contract; (iv) breach of warranties—express, implied, and Magnusson Moss; (v) negligent misrepresentations; (vi) common law fraud; and (vii) unjust enrichment. With respect to these claims, Plaintiff purports to represent a putative class of Pennsylvania consumers who purchased Ryker vehicles manufactured by BRP. Plaintiff also purports to represent a second multistate class of consumers from the twelve (12) other states, referenced above, with respect to "consumer fraud" claims. Plaintiff does not specify the amount of harm he has allegedly suffered as a result of his Ryker vehicle not including a DESS key, nor does the Complaint propose any methodology for calculating such damages for either the Plaintiff or any of the putative class members.

## III.   LEGAL STANDARDS

### A.   Rule 12(b)(1)

Once a defendant challenges plaintiff's standing under Rule 12(b)(1), plaintiff bears the burden to demonstrate that standing is exists. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). In order to establish Article III standing, the plaintiff must establish three elements:

> First, the plaintiff must have suffered an injury in fact — an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of— the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Id.* at 560-61. Where a plaintiff raises multiple causes of action, he "must demonstrate standing for each claim he seeks to press." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006).

### B.   Rule 12(b)(6)

The Supreme Court's rulings in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), shifted federal pleading standards "from simple notice

pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the

possibility of relief to survive a motion to dismiss." *Fowler v. UPMC Shadyside*, 578 F.3d 203,

210 (3d Cir. 2009).

> Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing
> the sufficiency of a complaint must take three steps. First, it must "tak[e] note
> of the elements [the] plaintiff must plead to state a claim." *Iqbal*, 556 U.S. at
> 675. Second, it should identify allegations that, "because they are no more than
> conclusions, are not entitled to the assumption of truth." *Id.* at 679. *See also
> Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) ("Mere
> restatements of the elements of a claim are not entitled to the assumption of
> truth." (citation and editorial marks omitted)). Finally, "[w]hen there are well-
> pleaded factual allegations, [the] court should assume their veracity and then
> determine whether they plausibly give rise to an entitlement to relief." *Iqbal*,
> 556 U.S. at 679.

*Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (footnote omitted). Dismissal is

appropriate where the complaint lacks a cognizable legal theory, lacks sufficient facts alleged

under a cognizable legal theory, or contains allegations disclosing some defense or bar to recovery.

*Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988); *Funk v. Stryker Corp.*, 631

F.3d 777, 779, 779–83 (5th Cir. 2011).

### C.      Motion to Strike Class Allegations

A district court may strike improper class allegations where a plaintiff's class action

complaint fails to "allege sufficient facts to make a *prima facie* showing that the predominance

requirement of Rule 23 is satisfied or that discovery is likely to produce substantiation of plaintiff's

allegations with respect to predominance." *In re Railway Industry Employee No-Poach Antitrust

Litigation*, 395 F.Supp.3d 464, 472 (W.D. Pa. 2019). Federal Rule of Civil Procedure 23(d)(1)(D)

empowers courts to "require the pleadings be amended to eliminate allegations about

representation of absent persons." Likewise, Rule 23(c)(1)(A) provides that, "[a]t an early practicable time . . . the court must determine by order whether to certify the action as a class action." Read in conjunction, these provisions authorize the Court to grant a motion to strike class allegations at the pleading stage.

## IV.    ARGUMENT

### A.    Plaintiff Lacks Article III Standing Because He Failed to Allege a Concrete Injury.

Plaintiff's Complaint contains no allegations of personal injury, nor does he claim that the Ryker vehicle he purchased was defectively designed or manufactured. Rather, Plaintiff proffers an attenuated theory of liability premised on the notion that: (i) he and similarly-situated residents of a dozen other states did not receive DESS keys at the time they purchased 2022 Ryker vehicles; (ii) because of the absence of DESS keys, the vehicles are at risk of being stolen; and (iii) although there is no suggestion Plaintiff's vehicle or the vehicles of any class members were actually stolen, the Ryker vehicles are supposedly worth some unspecified amount less than their purchase price due to the risk of theft. All of Plaintiff's claims flow from this flawed theory of economic "injury."

The Supreme Court recently affirmed its longstanding precedent that Article III standing requires that a plaintiff's injury in fact must be "'concrete'—that is, "'real, and not abstract.'" *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2204 (2021) (quoting *Spokeo, Inc. v. Robins*, 578 U. S. 330, 340 (2016)). In *TransUnion*, the Court instructed that the alleged harm must be one that is personal to the plaintiff, and not merely hypothetical. *Id.* at 2205 (reemphasizing rule that standing requires "physical, monetary, or cognizable intangible harm traditionally recognized as providing a basis for a lawsuit in American courts"). Based on these principles, the Court in *TransUnion* found that thousands of class plaintiffs who were at risk of suffering a future harm— disclosure of inaccurate credit information—had not sustained a concrete injury for purposes of

Article III because their information had not ultimately been disclosed. Therefore, those class members were uninjured and lacked standing. *Id.* at 2211 ("[T]here is a significant difference between (i) an actual harm that has occurred but is not readily quantifiable . . . and (ii) a mere risk of future harm.").

Here, each of Plaintiff's claims hinges on the allegation that Plaintiff's Ryker vehicle is "susceptible to theft" because it did not come equipped with a DESS key. This alleged increased risk of theft—where no theft has actually occurred—is precisely the type of theoretical future injury that the Supreme Court addressed in *TransUnion*. Simply put, the risk to Plaintiff that his Ryker vehicle may be stolen at some point in the future is too speculative to convey standing under Article III. Moreover, like the unnamed class members in *TransUnion*, many of the putative class members here may not even be aware of the purported risk of theft due to the lack of a DESS key. *Id.* at 2212 ("It is difficult to see how a risk of future harm could supply the basis for a plaintiff's standing when the plaintiff did not even know that there was a risk of future harm.").

Similarly, to the extent Plaintiff has alleged that the value of the Ryker vehicle that he purchased was diminished by some unknown amount due to the lack of a DESS key, Plaintiff still lacks standing to the extent he has failed to allege "an injury-in-fact that is actual or imminent and concrete and particularized, not conjectural or hypothetical." *Koronthaly v. L'Oreal USA, Inc.*, 374 F. App'x 257, 259 (3d Cir. 2010). Indeed, plaintiff provides no basis for the Court to value the purported economic injury. Plaintiff has not alleged that the Ryker vehicle had zero-value, nor has he alleged that he has been unable to use it due to the lack of a DESS key. Rather, he baldly asserts that his Ryker vehicle is worth less than the price that he paid. But he does not attempt quantify any diminution in value. In order to establish standing, however, Plaintiff was required to allege that "the Ryker vehicle was worth objectively less than what one could reasonably expect." *Id.* at

259. Plaintiff's vague, subjective allegations regarding a diminished value do not meet this standard. Because Plaintiff has failed to allege a concrete, real economic injury that is quantifiable, he lacks standing to assert his claims, and they should be dismissed.

**B.     Plaintiff Has Not Stated a Viable Cause of Action.**

Even if Plaintiff were found to have standing to pursue his speculative claims, each cause of action purportedly set forth in the Complaint fails because it is inadequately pleaded, invalid as a matter of Pennsylvania law, or both.

**i.     Plaintiff Has Not Stated a Claim Under Pennsylvania's Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL").[1]**

To state a UTPCPL claim, a plaintiff must allege that, in connection with the purchase or lease of goods or services "primarily for personal, family or household purposes," 73 Pa. Stat. Cons. § 201-9.2(a), he suffered "an ascertainable loss as a result of the defendant's prohibited action," *Weinberg v. Sun Co.*, 777 A.2d 442, 446 (Pa. 2001); and "justifiably relied on the defendant's wrongful conduct or representation and that he suffered harm as a result of that reliance." *Hunt v. U.S. Tobacco Co.*, 538 F.3d 217, 221 (3d Cir. 2008) (quoting *Yocca v. Pittsburgh Steelers Sports, Inc.*, 854 A.2d 425, 438 (Pa. 2004)). "The Supreme Court of Pennsylvania has held that a plaintiff bringing an action under the UTPCPL must prove the common law fraud elements of reliance and causation with respect to all subsections of the UTPCPL." *Santana Prods, Inc. v. Bobrick Washroom Equip., Inc.*, 401 F.3d 123, 136 (3d Cir. 2005); (citing *Weinberg*, 777

---

[1] Plaintiff is alleged to be a citizen of Pennsylvania. Compl. ¶ 15. Subject to revisiting choice-of-law issues at a later date, BRP thus assumes Pennsylvania substantive law governs Plaintiff's claims. And, although the Complaint references "Consumer Fraud Acts" from states other than Pennsylvania, *id.* ¶¶ 45-47, BRP does not understand Plaintiff to be asserting claims based on those acts in his individual capacity—nor would he have standing to do so, had he tried to assert such claims. *See, e.g.*, *Lewis v. Casey*, 518 U.S. 343, 357 (1996) (Class allegations that unnamed class members suffered injuries giving rise to claims "add . . . nothing to the question of standing.").

A.2d at 446). To plead an ascertainable loss, a plaintiff "must be able to point to money or property that he would have had but for the defendant's fraudulent actions." *Benner v. Bank of Am., N.A.*, 917 F. Supp. 2d 338, 360 (E.D. Pa. 2013). Speculative or unrealized damages are not recoverable. *Jarzyna v. Home Properties, L.P.*, 185 F. Supp. 3d 612, 626 (E.D. Pa. 2016), *aff'd*, 783 F. App'x 223 (3d Cir. 2019); *Kaymark v. Bank of Am., N.A.*, 783 F.3d 168, 180 (3d Cir. 2015), abrogated on other grounds by *Obduskey v. McCarthy & Holthus LLP*, 139 S. Ct. 1029 (2019).

Here, Plaintiff does not allege that he purchased the Ryker "primarily for personal, family or household purposes," 73 Pa. Stat. Cons. § 201-9.2(a), so his UTPCPL claim is a non-starter. *Weinberg*, 777 A.2d at 446 ("In addition, the statute requires [plaintiff] to allege that he purchased the [product] for personal or household purposes as opposed to business purposes"). Even more problematic, Plaintiff's alleged damages—the potential risk that his Ryker vehicle might be stolen—are the type of "forward-looking speculative terms, which are insufficient to establish ascertainable loss" under the UTPCPL. *Kaymark v. Bank of Am., N.A.*, 11 F. Supp. 3d 496, 499 (W.D. Pa. 2014), *rev'd, in part, on other grounds*, 783 F.3d 168 (3d Cir. 2015). Simply put, Pennsylvania law does not compensate a plaintiff "for a loss not suffered." *Solarchick ex rel. Solarchick v. Metro. Life Ins. Co.*, 430 F. Supp. 2d 511, 516 (W.D. Pa. 2006). Finally, it was or should have been readily apparent at the time of purchase that Plaintiff was not receiving DESS keys. As such, it is implausible to suggest that Plaintiff justifiably relied on any representations by BRP concerning the availability of DESS keys in deciding to purchase the Ryker vehicle.

### ii.      Plaintiff Has Not Stated a Claim for Breach of Contract

To plead a claim for breach of contract under Pennsylvania law, a plaintiff must allege "(1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract, and (3) resultant damages." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 225 (3d Cir. 2003)

(citing *CoreStates Bank, N.A. v. Cutillo*, 723 A.2d 1053, 1058 (Pa. Super. 1999)). A plaintiff may "assert the existence of an express, written contract either by setting it forth verbatim in the complaint, . . . 'attach[ing] a copy as an exhibit, or plead[ing] it according to its legal effect.'" *Transp. Int'l Pool, Inc. v. Ross Stores, Inc.*, No. 1:06-cv-1812, 2009 WL 1033601, at *3 (E.D. Pa. Apr. 15, 2009) (quoting *Pierce v. Montgomery Cnty. Opportunity Bd., Inc.*, 884 F. Supp. 965, 970 (E.D. Pa. 1995)); FED. R. CIV. P. 8(a). When pleading a contract according to its legal effect, a plaintiff "must allege facts sufficient to place the defendant on notice of the contract claim in such a way that the defendant can reasonably respond." *Clapps v. State Farm Ins. Cos.*, 447 F. Supp. 3d 293, 298 (E.D. Pa. 2020) (quoting *Transp. Int'l Pool, Inc.*, 2009 WL 1033601, at *3). To plead breach, a plaintiff must allege facts establishing a violation of a contractual duty, and in doing so, must identify the specific obligation allegedly breached. *Hart v. Univ. of Scranton*, 838 F. Supp. 2d 324, 327-28 (M.D. Pa. 2011).

Plaintiff's formulaic pleading falls well short of these standards. The breach-of-contract claim ostensibly set forth in the Complaint spans all of four sentences wherein Plaintiff declares that he "entered into a contract" with BRP and that "the failure to provide the DESS keys was a breach of the contract." Compl. ¶¶ 48–51. Plaintiff does not, however, attach a copy of the contract allegedly at issue; he does not set forth its terms verbatim in the Complaint; and he does not plead the contract according to its legal effect. BRP and the Court are therefore left to speculate as to the source of any alleged contractual duties and the nature of any alleged breach thereof. Without this fundamental information, BRP cannot reasonably evaluate and respond to Plaintiff's claim.

### iii.     Plaintiff Has Not Stated a Claim for Breach of Warranty[2]

Model year 2022 Can-Am Rykers were sold with a 12-month limited warranty as set forth

in the Operator's Guide, stating as follows:

> **BRP LIMITED WARRANTY — CANADA AND USA:**
> **2022 CAN-AM® RYKER® SERIES**
>
> **1. SCOPE OF THE LIMITED WARRANTY**
>
> Bombardier Recreational Products Inc. ("BRP") warrants its 2022 Can-Am Ryker (the "Product") sold by an authorized Can-Am On-Road Dealers (as defined below) in the United States of America and in Canada from defects in material or workmanship for the period and under the conditions described below. This limited warranty will become null and void if: (1) The Product was used for racing or any other competitive activity, at any point, even by a previous owner; (2) the odometer was removed or has been tampered with; (3) the Product was used off-road; or (4) the Product has been altered or modified in such a way so as to adversely affect its operation, performance or durability, or has been altered or modified to change its intended use.
>
> Non-factory installed parts and accessories are not covered under this limited warranty. Please refer to the applicable parts and accessories limited warranty text.
>
> **2. LIMITATIONS OF LIABILITY**
>
> **THIS WARRANTY IS EXPRESSLY GIVEN AND ACCEPTED IN LIEU OF ANY AND ALL OTHER WARRANTIES, EXPRESSED OR IMPLIED, INCLUDING WITHOUT LIMITATION ANY WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE. TO THE EXTENT THAT THEY CANNOT BE DISCLAIMED, THE IMPLIED WARRANTIES ARE LIMITED IN DURATION TO THE LIFE OF THE EXPRESS WARRANTY. INCIDENTAL AND CONSEQUENTIAL DAMAGES ARE EXCLUDED FROM COVERAGE UNDER THIS WARRANTY. SOME STATES/PROVINCES DO NOT ALLOW FOR THE DISCLAIMERS, LIMITATIONS AND EXCLUSIONS IDENTIFIED ABOVE, AS A RESULT, THEY MAY NOT APPLY TO YOU. THIS WARRANTY GIVES YOU SPECIFIC RIGHTS, AND YOU MAY ALSO HAVE OTHER LEGAL RIGHTS WHICH MAY VARY FROM STATE TO STATE, OR PROVINCE TO PROVINCE.**
>
> Neither the distributor, any Dealer nor any other person has been authorized to make any affirmation, representation or warranty regarding the Product, other than those contained in this limited warranty, and if made, shall not be enforceable against BRP. BRP reserves the right to modify this limited warranty at any time, being understood that such modification will not alter the warranty conditions applicable to the Product sold while this limited warranty is in effect.

*See* Ex. A, Operator's Guide, at 166, 167.[3]

Plaintiff does not allege a breach of the limited warranty provided in the Operator's Guide

by suggesting the subject Ryker was defective in material or workmanship. As such, there can be

no viable claim for breach of express warranty even putting aside the other pleading inadequacies

---

[2] The heading above paragraph 52 of the Complaint refers to the Magnuson-Moss Act, but that statute "does not create an independent cause of action" or a "standalone claim." *Pack v. Thor Motor Coach*, No. 19-cv-503, 2019 WL 1755717, at *4 (E.D. Pa. Apr. 19, 2019).

[3] The Court may consider the Operator's Guide at the Rule 12 stage because the document is expressly incorporated by reference in the Complaint. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (observing that, although as a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings, a "document integral to or explicitly relied upon in the complaint" may be considered "without converting the motion [to dismiss] into one for summary judgment"). Indeed, the photo following paragraph 4 of the Complaint is taken directly from page 24 of the Operator's Guide.

relating to breach, causation, and damages. Moreover, Pennsylvania law permits the disclaimer of the implied warranties of merchantability and fitness. *Axalta Coating Systems, LLC v. Midwest II, Inc.*, 217 F. Supp. 3d 813, 819 & n. 45 (E.D. Pa. 2016). Pursuant to the above language, therefore the implied warranties of merchantability and fitness for a particular purpose provide no basis for recovery in this action.

Even if Plaintiff had plausibly alleged a breach of express or implied warranty, the claim would still fail for lack of notice. Where tender is accepted, a buyer must "within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy." 13 Pa. Stat. Cons. § 2607(c)(1). "[T]he purpose of notification under § 2607(c) is to allow the seller an opportunity to resolve the dispute regarding an alleged breach before the buyer initiates a lawsuit." *Am. Fed'n of State Cnty. & Mun. Emps. ("AFSCME") v. Ortho–McNeil–Janssen Pharm., Inc.*, No. 08-cv-5904, 2010 WL 891150, at *6 (E.D. Pa. Mar. 11, 2010). The plaintiff bears the burden to prove compliance with § 2607 before recovering for breach of warranty. *Vanalt Elec. Constr. Inc. v. Selco Mfg. Corp.*, 233 F. App'x 105, 108-10 (3d Cir. 2007). In context of a motion to dismiss, Plaintiff must "plead, at a minimum, . . . that [she] provided reasonable notification . . . to state a viable claim for recovery ... or be barred from any remedy." *AFSCME*, 2010 WL 891150, at *7 (internal quotation marks removed).

Here, Plaintiff alleges that he "provided *or* provides notice" to BRP, but he avers no well-pleaded allegations of fact to support this assertion beyond the Complaint itself. Compl. ¶ 61. He then suggests that unnamed "third-parties" may have provided notice of "these issues" to BRP, *id.* ¶ 62, but, again, this allegation lacks any factual support and, in any event, would not exclude *Plaintiff's* obligation under Pennsylvania to provide notice to allow BRP the opportunity to cure. Accordingly, for this additional reason, Plaintiff's warranty claim fails.

### iv.        Plaintiff Has Not Stated a Claim for Negligent Misrepresentation

To state a claim for negligent misrepresentation, a plaintiff must include well-pleaded allegations of fact in the complaint establishing: "(1) a misrepresentation of a material fact; (2) the representor must either know of the misrepresentation, must make the misrepresentation without knowledge as to its truth or falsity or must make the representation under circumstances in which he ought to have known of its falsity; (3) the representor must intend the representation to induce another to act on it; and (4) injury must result to the party acting in justifiable reliance on the misrepresentation." *Gibbs v. Ernst*, 538 Pa. 193, 210, 647 A.2d 882, 890 (1994). "The particularity requirement of Rule 9(b) applies to claims of negligent misrepresentation." *Hanover Ins. Co. v. Ryan*, 619 F. Supp. 2d 127, 142 (E.D. Pa. 2007).

Plaintiff's Complaint does not meet these exacting standards. Plaintiff vaguely refers to "representations and omissions" and "promises" made by unnamed BRP employees on unspecified dates pertaining to untold subject matters. Compl. ¶¶ 68, 69. Plaintiff further alleges that these unspecified "representations took advantage of consumers' cognitive shortcuts made at the point-of-sale and their trust in Defendant"—whatever that means. *Id.* ¶ 70. Plaintiff then concludes the section with the entirely boilerplate assertion that he "reasonably and justifiably relied on these negligent misrepresentations and omissions, which served to induce and did induce, his purchase of the Product." *Id.* ¶ 71. Rule 9 demands much more.

Plaintiff's tort-based claim for negligent misrepresentation also is foreclosed on the merits by the "gist of the action" doctrine, as well as the "economic loss" doctrine. "Under Pennsylvania law, the gist of the action doctrine prevents a purely contractual duty from serving as the basis for a tort claim." *SodexoMAGIC, LLC v. Drexel Univ.*, 24 F.4th 183, 216 (3d Cir. 2022) (citing *Bruno v. Erie Ins. Co.*, 630 Pa. 79, 106 A.3d 48, 65 (Pa. 2014)). Thus, "[w]hen a duty is created by

contract, the gist of the action doctrine requires that a claim for a breach of that duty be brought in contract, not tort." *Id.* (citing *Bruno*, 106 A.3d at 68). "Tort actions arise from the breach of a duty owed to another as a matter of social policy, while breach-of-contract actions arise from the breach of a duty created by contract." *Id.* (citing *Bruno*, 106 A.3d at 68; *eToll, Inc. v. Elias/Savion Advert, Inc.*, 811 A.2d 10, 14 (Pa. Super. 2002); *Bohler-Uddeholm Am., Inc. v. Ellwood Grp., Inc.*, 247 F.3d 79, 103–04 (3d Cir. 2001)). The question is whether the duty that was allegedly breached originates from a contractual "promise to do something that a party would not ordinarily have been obligated to do but for the existence of the contract," or whether the alleged violation is of a "broader social duty owed to all individuals" that "exists regardless of the contract." *Earl v. NVR, Inc.*, 990 F.3d 310, 314–15 (3d Cir. 2021) (quoting *Bruno*, 106 A.3d at 68).

Here, Plaintiff does not allege that he suffered damage to his person or property as the result of defects in the Ryker vehicle. Instead, Plaintiff seeks the return of some unspecified portion of the purchase price of the vehicle as the result of BRP's alleged failure to provide DESS keys and the resultant increased risk of theft. Suffice it to say, if BRP was under a duty to provide DESS keys, it was a duty established in contract, not tort. As such, under the gist of the action doctrine, if Plaintiff is to realize a recovery, the cause of action must arise under contract, not tort.

The economic loss doctrine poses yet another impediment to Plaintiff's tort-based negligent-misrepresentation claim. Under the economic loss doctrine, "no cause of action exists for negligence that results solely in economic damages unaccompanied by physical or property damage." *Sovereign Bank v. BJ's Wholesale Club. Inc.*, 533 F.3d 162, 175 (3d Cir. 2008). Plaintiff does not allege he suffered physical injury or property damage as a result of BRP's supposed negligence. Accordingly, and for this additional reason, Plaintiff's negligent-misrepresentation claim must be dismissed with prejudice.

13

**v.       Plaintiff Has Not Stated a Claim for Fraud**

Under Pennsylvania law, "elements of a fraud claim are: '(1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) the resulting injury was proximately caused by the reliance.'" *Estate of Quigley v. East Bay Management, Inc.*, No. 2:13-cv-5547, 2014 WL 2765135, at *5-6 (E.D. Pa. June 18, 2014) (quoting *Freeman v. Pittsburgh Glass Works, LLC*, 709 F.3d 240, 257 (3d Cir. 2013)). In addition, a fraud claim must meet what the Third Circuit has described as the "stringent pleading restrictions" of Rule 9(b), which include stating with particularity the circumstances constituting fraud or mistake. *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007). "To satisfy this standard, the plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." *Id.* (citing *Lum v. Bank of America*, 361 F.3d 217, 224 (3d Cir. 2004)).

Plaintiff's two-sentence fraud claim is insufficient. He does not allege the "who, what, where, and when" required under Rule 9. Indeed, it is unclear from Plaintiff's Complaint whether the fraud claim involves a misrepresentation or omission. *See* Compl. ¶ 72 (alleging "Defendant misrepresented and/or omitted the attributes and qualities of the Product"). Further, Plaintiff does not allege BRP knowingly misrepresented any material fact or how whatever misrepresentations were made were intended to (and, in fact did) induce Plaintiff's justifiable reliance in purchasing the subject vehicle. Based on the paucity of Plaintiff's pleadings, his fraud claim must be dismissed.

### vi.      Plaintiff Has Not Stated a Claim for Unjust Enrichment

"To establish a claim for unjust enrichment under Pennsylvania law, a plaintiff must allege facts demonstrating (1) a benefit conferred on the defendant by the plaintiff, (2) appreciation of such benefit by the defendant, and (3) acceptance and retention of such benefit under circumstances such that it would be inequitable for the defendant to retain the benefit without payment to the plaintiff." *iRecycleNow.com v. Starr Indem. & Liab. Co.*, 674 F. App'x 161, 162 (3d Cir. 2017) (citations omitted). To succeed on an unjust enrichment claim, a plaintiff must show that circumstances exist that make it "'unconscionable' for the defendant to retain the benefit conferred." *Argue v. Triton Digital Inc.*, 734 F. App'x 148, 151 (3d Cir. 2018) (quoting *Mark Hershey Farms, Inc. v. Robinson*, 171 A.3d 810, 817 (Pa. Super. 2017)).

It has "long been held in this Commonwealth," however, "that the doctrine of unjust enrichment is inapplicable when the relationship between parties is founded upon a written agreement or express contract, regardless of how 'harsh the provisions of such contracts may seem in the light of subsequent happenings.'" *Wilson Area Sch. Dist. v. Skepton*, 895 A.2d 1250, 1254 (Pa. 2006) (quoting *Third National & Trust Company of Scranton v. Lehigh Valley Coal Co.*, 44 A.2d 571, 574 (Pa. 1945)); *Khawaja v. RE/MAX Cent.*, 151 A.3d 626, 633 (Pa. Super. 2016) ("A cause of action for unjust enrichment may arise only when there is no express contract between the parties.").

Plaintiff's claim for unjust enrichment thus fails because he expressly alleges the existence of a contract governing his relationship with BRP. *See* Compl. ¶ 48. Indeed, there is no common-law duty to provide DESS keys. Instead, each of Plaintiff's claims is premised on the notion that BRP "promised" to provide DESS keys in the owner's manual for the vehicle. *Id.* ¶¶ 4, 5.

15

Plaintiff's unjust enrichment claim is also deficient because the Complaint lacks allegations of fact demonstrating that acceptance of the purchase price for the Ryker would be unconscionable. *EBC, Inc. v. Clark Bldg. Sys., Inc.*, 618 F.3d 253, 273 (3d Cir. 2010). The allegations in the Complaint indicate that Plaintiff has enjoyed the use of a safe and merchantable product; that the inability to provide DESS keys was the result of a worldwide computer chip shortage; that BRP provided alternative means for theft prevention in the form of physical locks for the vehicles, Compl. ¶ 8; and that Plaintiff's Ryker was not stolen or that he otherwise suffered any tangible economic harm.

Accordingly, all of Plaintiff's claims are factually and legal deficient and should be dismissed.

### C. Plaintiff Has Failed to Make a *Prima Facie* Showing that Rule 23's Predominance Requirement Can Be Satisfied.

Plaintiff seeks to certify a class of Pennsylvania consumers for each cause of action alleged, as well as a "consumer fraud multi-state class" under the laws of twelve (12) different states. Compl. ¶ 33. Plaintiff alleges in boilerplate fashion that "common questions of issues, law and fact predominate and include whether Defendant's representations were and are misleading and if Plaintiff and class members are entitled to damages." *Id.* ¶ 34. Plaintiff likewise formulaically alleges that "[n]o individual inquiry is necessary since the focus is only on Defendant's practices and the class is definable and ascertainable." *Id.* ¶ 35. To the contrary, Plaintiff's class claims turn entirely on individualized proof of liability and damages, which renders them facially inappropriate for class treatment. Moreover, a state-by-state analysis indicates that there are significant differences between the applicable consumer protection laws of the twelve (12) states that comprise the proposed multistate class. Accordingly, the Court should strike Plaintiff's class allegations because Plaintiff has failed to make a *prima facie* showing that Rule 23(b)(3)'s predominance requirement can be satisfied.

16

i.      **Individualized Legal Questions Related to the Proposed Multistate Class Predominate**

In order to certify Plaintiff's putative multistate "consumer fraud" class, the Court would be required to assess the "state consumer fraud acts" of Kansas, Minnesota, Mississippi, North Dakota, West Virginia, Utah, Montana, Idaho, Georgia, Kentucky, Iowa, and Alaska. But even a cursory review of the laws of these twelve (12) states indicates that there are key differences between their respective consumer protection laws, which invalidates Plaintiff's proffered grouping and would preclude certification of the multistate class.

One of the key requirements of some states' consumer protection laws is whether reliance upon the allegedly fraudulent or misleading statement at issue is a required element of proof. Indeed, under the laws of Minnesota, Mississippi, West Virginia, and Georgia, reliance is required.[4]  But under the laws of Alaska, Kansas, Montana, Idaho, and Kentucky, reliance is not a required element.[5] And, to further complicate matters, the consumer protection laws of North Dakota and Utah are silent as to this requirement, and no state court issued a determinative ruling.[6] Similarly, some states—such as Alaska, Montana, and Idaho—have not expressly required that a party show intent to deceive.[7] Nine (9) other states in the proposed multistate class, however, do

---

[4] *See* Minn. Stat. § 8.31(3a); *Grp. Health Plan, Inc. v. Philip Morris, Inc.*, 621 N.W.2d 2 (Minn. 2001); Miss. Code § 75- 24-15; *White v. Wyeth*, 705 S.E.2d 828 (W. Va. 2010); *Tiismann v. Linda Martin Homes Corp.*, 637 S.E.2d 14, 16 (Ga. 2006).
[5] *See Kenai Chrysler Ctr., Inc., Denison*, 167 P.3d 1240 (Alaska 2007); *Benedict v. Altria Grp., Inc.*, 241 F.R.D. 668, 677- 680 (D. Kan. 2007) (reliance not required, although causation must be shown); *PNC Bank v. Wilson*, No. CV 14-80-BU- DWM-JCL, 2015 WL 3887602 (D. Mont. June 23, 2015); *State ex rel. Kidwell v. Master Distribs., Inc.*, 615 P.2d 116 (Idaho 1980); *Corder v. Ford Motor Co.*, 869 F. Supp. 2d 835 (W.D. Ky. 2012).
[6] *See* Utah Code § 13-11-1, *et seq.*; N.D. Cent. Code § 51-15.
[7] *See* Alaska Stat. § 45.50.471; Mont. Code § 30-14-103; Idaho Code § 48- 603.

require a plaintiff to prove intent.[8] There are also discrepancies among the states regarding statutes of limitations,[9] and whether consumer protection class actions are even permitted.[10]

Plaintiff's multistate grouping does nothing to account for these myriad differences between the laws of the various states whose consumers would be included in the putative class. Indeed, Plaintiff appears to have selected, at random the list of states to be included in his multistate grouping. This, alone, demonstrates that individualized legal questions predominate and precludes class certification. As a result, the Court should strike Plaintiff's multistate class allegations in their entirety because Plaintiff has failed to demonstrate that the predominance requirement is satisfied, nor will discovery in this case substantiate the paper-thin class allegations contained in the Complaint. *See, e.g., In re Railway Industry Employee No-Poach Antitrust Litigation*, 395 F.Supp.3d at 472; *see also Grandalski v. Quest Diagnostics Inc.*, 767 F.3d 175, 183-84 (3d Cir. 2014) ("class litigation involving dozens of state consumer fraud laws was not viable"); *Elson v. Black*, 56 F.4th 1002, 1007-08 (5th Cir. 2023) (affirming grant of motion to strike where state law predominance issues could not be cured through use of subclasses); *Darisse v. Nest Labs, Inc.*, No. 5:14-CV-01363-BLF, 2016 WL 4385849, at *10 (N.D. Cal. Aug. 15, 2016) (denying class certification for lack of predominance because "if this nationwide class were certified . . . that would allow class members in Alabama, Iowa, Georgia, Louisiana, Mississippi, Montana, South

---

[8] *See* Kan. Stat. §§ 50- 626(b)(1), (4), (7), (8), (9), (10); Minn. Stat. § 325F.69; *Jenson v. Touche Ross & Co.*, 335 N.W.2d 720, 727 (Minn. 1983) (superseded on other grounds); Miss. Code § 75-24-5(2)(i)-(j); N.D. Cent. Code § 51-15-02; W. Va. Code § 46A-6- 102(7)(I)-(J); Utah Code § 13-11-4(2)(b); *Rawson v. Conover*, 20 P.3d 876 (Utah 2001); Ga. Code § 10-1- 372(a)(9)-10); *Scanlan v. Sunbeam Prod., Inc.*, 690 F. App'x 319, 333 (6th Cir. 2017); Iowa Code § 714.16.

[9] *Compare* Alaska Stat. § 45.50.531(f) (two-year statute of limitations) *with* Kan. Stat. 60-512 (three-year statute of limitations).

[10] *Compare* Miss. Code § 75-24- 15(2), (4) (expressly disallowing class actions) *with Wiegand v. Walser Auto. Groups, Inc.*, 683 N.W.2d 807 (Minn. 2004) (permitting class action under Minnesota statute).

Carolina, and Virginia to participate in the class action even though the laws of their own states either prohibit class actions or bar them when not pre-approved or brought by the state's attorney general.").

### ii. Individualized Factual Questions Related to Liability and Damages Predominate

Plaintiff has asserted a laundry list of claims, none of which are appropriate for class treatment under the facts of this case because the need for individualized inquiries will overwhelm common evidence. For this reason, too, Plaintiffs' class allegations should be stricken.

With regard to fraud, negligent misrepresentation, and consumer protection claims, the element of reliance renders class-wide proof "a near-impossibility" because proof of reliance requires individualized inquiry. *Brown v. Electrolux Home Prods., Inc.*, 817 F.3d 1225, 1237 (11th Cir. 2016). Indeed, courts have declined to certify classes where reliance is an element of proof because doing so would deprive defendants of their right to fully assert defenses to the claims. *See Lloyd v. Gen. Motors Corp.*, 266 F.R.D. 98, 111 (D. Md. 2010) ("[A] class action trial may not abridge a defendant's rights in the name of expediency. Relieving plaintiffs of their burden to prove reliance would constitute such an abridgement."); *see also Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 367 (2011) ("[A] class cannot be certified on the premise that [the defendant] will not be entitled to litigate its . . . defenses."). Likewise, materiality, which is another element of fraud and consumer protection claims, also involves an individualized showing. *See Clark v. Prudential Ins. Co. of Am.*, 940 F. Supp. 2d 186, 193 (D.N.J. 2013) (materiality is a consumer-specific inquiry, requiring "individualized consideration" of how each consumer would perceive the information at issue). Likewise, individualized proof of intent is a barrier to class certification because a plaintiff must be able to prove that the defendant possessed the requisite intent at the time of each sale at issue. *See, e.g.*, *Adkins v. Cagle Foods JV, LLC*, 411 F.3d 1320, 1325 (11th

Cir. 2005) (applying Georgia law); *Mele Constr. Co. v. Crown Am. Corp.*, 421 Pa. Super. 569, 580 (Pa. Super. 1992).

Here, proposed class members would have to demonstrate that they relied upon the BRP's alleged misrepresentations regarding the DESS keys, and that these misrepresentations were material to them. But this is likely to vary from one individual to the next, each depending upon their own personalized circumstances and perspectives. Undoubtedly, some consumers would not be bothered by the lack of a DESS key at all. And Plaintiff would also have to prove that BRP had the requisite knowledge or intent to deceive each class member at the time of each sale of a Ryker vehicle.

Similarly, individualized issues will overwhelm common evidence with respect to Plaintiff's negligence, warranty, and unjust enrichment claims because each will turn on proof of elements that necessitate inquiry into the circumstances of each putative class member. *See, e.g.*, *Barnes v. Am. Tobacco Co.*, 161 F.3d 127, 149 (3d Cir. 1998) (denying class certification of negligence claims due to individualized issues associated with proof of causation); *Chin v. Chrysler Corp.*, 182 F.R.D. 448, 455-62 (D.N.J. 1998) (denying class certification of express and implied warranty claims, and observing that "proving the existence of the alleged class-wide defect is not the simple task that [p]laintiffs make it out to be."); *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1274 (11th Cir. 2009) ("[C]ommon questions will rarely, if ever, predominate an unjust enrichment claim, the resolution of which turns on individualized facts.").

Finally, with respect to damages, a class plaintiff must be able to demonstrate that his proffered damages "are capable of measurement on a classwide basis." *Comcast Corp. v. Behrend*, 569 U.S. 27, 34-35 (2013). But here, Plaintiff's Complaint does not even contain sufficient allegations regarding the measurement of his own damages, let alone the damages suffered by

other class members. Nor is there any indication that such damages can ever be calculated based on the nebulous theory of liability that Plaintiff has advanced. And these alleged damages, if any, are likely to vary widely based on differing consumer expectations and circumstances. Some consumers may view the absence of a DESS key as immaterial to the valuation of their Ryker vehicles, whereas others may believe that it significantly impacted the value of the product. In any event, there can be no uniformity of damages, which further undermines the case for class treatment.

## V.    CONCLUSION

For each of the foregoing reasons, Defendant BRP U.S., Inc. respectfully requests the entry of an Order dismissing Plaintiff's Complaint in its entirety. To the extent the Complaint is not dismissed in its entirety, then the Court should strike all class allegations pursuant to Rule 23(d)1(D) and Rule 23(c)(1)(A).

Dated: April 10, 2022                          Respectfully submitted,

/s/ Clem C. Trischler
Clem C. Trischler
Jason M. Reefer
Frank H. Stoy
PIETRAGALLO GORDON ALFANO
BOSICK & RASPANTI, LLP
One Oxford Centre, 38th Floor
Pittsburgh, PA 15219
Tel: (412) 263-2000
cct@pietragallo.com
jmr@pietragallo.com
fhs@pietragallo.com

*Counsel for Defendant BRP U.S., Inc.*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 10th day of April, 2023, a true and accurate copy of the

foregoing was served via CM/ECF to all counsel of record.

/s/ Clem C. Trischler
Clem C. Trischler

22